Dominga Agosto et al., Plaintiffs and Appellants, *v.* Manuel González, et al., Defendants and Appellees.

No. 5827.   Argued December 9, 1932.—Decided July 29, 1933.

*M. Benítez Flores* for appellants.   *V. M. Fernández* for appellees.

Mr. Justice Aldrey delivered the opinion of the Court.

The plaintiffs allege that they, together with two sisters who are made parties defendant because of their refusal to join as plaintiffs herein, are the owners of a property of 50 acres (*cuerdas*) which they describe; that one of the defendants, Manuel González, is detaining 30 acres of said property and the other defendant, the Cabrera Succession, detains the remaining 20 acres; that the defendants instituted proceedings to establish a dominion title to the said property and claimed ownership under a just title and in good faith, well knowing that it belongs in its entirety to the plaintiffs Agosto. In the second count of the complaint the fruits produced by those two parcels are alleged. In the prayer demand is made that said dominion title proceedings and the

record thereof in the registry of property be annulled; that the plaintiffs and their defendant sisters be declared as owners of the property of 50 acres; and that each of the defendants be adjudged to pay the value of the fruits yielded by the respective parcels detained by them.

The defendants interposed demurrers to the complaint on the grounds provided in subdivision 4, 5, and 7 of section 105 of the Code of Civil Procedure, to wit: That there is a misjoinder of parties defendant; that several causes of action have been improperly united; and that the complaint is ambiguous, unintelligible, and uncertain. The district court sustained the demurrers and, on motion of the plaintiffs it rendered final judgment dismissing the complaint; whereupon the present appeal was taken.

The grounds urged in support of this appeal are: That the lower court erred in sustaining the said demurrers, and in rendering the judgment appealed from.

The complaint alleges that Manuel González detains 30 acres of land from the 50-acre property, which the plaintiffs claim to belong to them and to their defendant sisters, and that the Cabrera Succession detains the remaining 20 acres of said property; but it does not aver that the withholding by either of the defendants has anything to do with that charged against the other, nor that they jointly instituted the dominion title proceedings, for it rather appears that each one instituted a separate proceeding for the respective portion of land which he occupies, inasmuch as the annulment of the dominion title proceedings is prayed from the court. Therefore, as no connection or privity between the two defendants appears from the complaint, they should have been sued separately, there being no reason why they should be united as such defendants, since the title of one may be good while that of the other may be bad. Not a single fact is averred from which it might be concluded that the annulment of the title of one of the defendants must cause the nullity of that of the other as a necessary consequence. This is why we think

that there is a misjoinder of parties defendant, as held by the lower court, by reason of the absence of any legal connection between the defendants. It may be that such a tie actually exists, but the plaintiffs refused to amend their complaint to aver that fact.

Regarding the misjoinder of actions or of causes of action, although it is true that in a separate action against either Manuel González or the Cabrera Succession the plaintiffs could have joined the actions brought herein to annul the dominion title proceedings, for revendication, and to recover mesne profits, the same can not be joined when brought against the defendants who have no legal connection or relationship between themselves, since actions instituted against either could have no effect against the other.

Moreover, the complaint is ambiguous and uncertain in that from the description it makes by metes and bounds of the 20—acre portion, it does not appear that said portion forms part of or is included within the 50—acre tract to which it is said to belong; and because it does not appear from the complaint whether it is sought to annul a single title proceeding or two, nor the place or date of the institution of such proceedings, all this making it very difficult, if not impossible, for the defendants to answer.

In view of the fact that the plaintiffs refused to amend their complaint after the demurrers were sustained, and that they moved for a final judgment, they have no basis now to claim that the court erred in rendering said judgment, and the same must be affirmed.